**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald Lee HILL, Defendant–Appellant.**

**No. 06–30250.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed Feb. 26, 2007.

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Vernon E. Woodward, Esq., Hendrickson, Everson, Noenning & Woodward, Billings, MT, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Gerald Lee Hill appeals the judgment of conviction for violation of 18 U.S.C. §§ 1153, 2241(c) and the 135–month sentence imposed by the district court. Hill argues that he is entitled to a new trial based on a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); prejudicial witness vouching by the State's expert and by the prosecutor; and the prosecutor's unconstitutional comments on his silence after he received his *Miranda* warnings.[1] He also objects to the reasonableness of his sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that Hill's conviction and sentence must be reversed because under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the prosecutor's comments on Hill's *Mirandized* silence violated his Fifth Amendment rights. Because we reverse for a new trial on this basis, we need not address Hill's remaining objections.

At trial, the prosecutor introduced a photograph of Hill's living room that had been taken by Agent Winfield Scott Russell on November 7, 2003, several weeks after the alleged incident. On cross-examination, when questioned about the photograph, Hill testified that it did not accurately reflect the furniture arrangement on the evening of the alleged incident. After Hill's testimony concluded, the prosecutor called Agent Russell, who testified that when he conducted the November 7th investigation, Hill did not tell him about having rearranged the living room furniture after the alleged incident. The prosecutor pressed, "Did he tell you, 'The computer isn't in the same position.'?" and "Didn't tell you the furniture had been moved?" During closing argument the prosecutor reminded the jury that Hill had "never [told] the agent who is investigating, who is taking the photographs and obviously making a determination here" that the furniture and been moved and asked them "[w]hy wouldn't he say, 'Oh, we've moved that,' it didn't look like that anymore?"

The record indicates that at the time of Agent Russell's investigation, Hill received notice of his *Miranda* rights, indicated that he had retained counsel, and invoked his right to silence. The prosecutor's direct examination of Agent Russell and her statements in closing argument therefore violated Hill's Fifth Amendment right to silence. Like the impermissible reference to the defendant's post-arrest silence in *Doyle*, here the prosecutor's arguments encouraged the jury to draw "an unfavorable inference … as to the truth of [Hill's] trial testimony," notwithstanding the fact that Hill had been advised that his silence could not be used against him at trial. *Doyle*, 426 U.S. at 619, 96 S.Ct. 2240 (quoting *United States v. Hale*, 422 U.S. 171, 183, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975) (White, J., concurring)).[2]

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. We reject the Government's argument that the prosecutor was simply impeaching Hill's

Because Hill did not object to the prosecutor's comments at trial, we review for plain error. Under this standard, Hill is entitled to reversal only if he demonstrates the existence of an "error," that is "plain," and that "affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (citations and internal quotation marks omitted). Hill must also show that the forfeited error "seriously affect[ed] the fairness, integrity or public reputation" of his trial. *Id.* (internal quotation marks omitted); *see also United States v. Olano*, 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We conclude that Hill has met the plain error standard. The prosecutor's comments were in error because Hill was entitled to invoke his right to silence after receiving notice of his rights. The error is also plain, because the rule against commenting on a defendant's post-*Miranda* silence "at the time of [Hill's] trial was settled and clearly contrary to the law at the time of appeal." *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

Under the third prong, Hill has also shown that the error affected his substantial rights. Because the prosecutor's improper comments on Hill's silence urged the jurors to disbelieve a key component of his testimony, there is a reasonable possibility of a different result absent the constitutional error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (ex-

plaining that an error affects a defendant's substantial rights when, viewed in the context of the entire record, "the probability of a different result [absent the error] is sufficient to undermine confidence in the outcome of the proceeding") (citation and internal quotation marks omitted). Here, the verdict in Hill's case turned entirely on whether the jurors believed Hill's testimony or his accuser's.[3] The fact that after two hours of deliberations the jurors sent out a note stating that they were at "an impasse" and "appear[ed] to be hung" indicates the closeness of the verdict. Finally, we cannot say that this error did not seriously affect the fairness of a trial that came down to one person's word against another. We therefore reverse and remand for a new trial.

**REVERSED and REMANDED.**

---

testimony, a proposition for which it relies on *Portuondo v. Agard*, 529 U.S. 61, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000). In *Portuondo*, the Supreme Court held that a prosecutor did not violate a defendant's Sixth Amendment rights by commenting on his opportunity to tailor his testimony at trial. *Id.* at 67–68, 120 S.Ct. 1119. Hill, in contrast, asserts a violation of his Fifth Amendment right to silence;

moreover, because Hill testified prior to Agent Russell, he had no opportunity to tailor his testimony, in contrast to the situation in *Portuondo*.

3. Indeed, the prosecutor emphasized in her closing argument that "if you believe what [the accuser] said happened ... then you have no choice but to convict this defendant."